# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMI RAABE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAUCH-MILLIKEN | : | |
| INTERNATIONAL, INC., | : | No. 10-2458 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                     **June 23, 2011**

Plaintiff Tammi Raabe alleges that Defendant Rauch-Milliken International, Inc. ("RMI")
violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") when RMI sent
her letters seeking to collect a debt incurred for a business she co-owned, Hunter's Sporting Goods,
LLC ("Hunter's"). The Court conducted a bench trial on June 22, 2011. Because the debt was
incurred for business rather than personal purposes, Raabe is not entitled to relief under the FDCPA.
The Court therefore finds in favor of RMI.

## I.      FINDINGS OF FACT

Raabe co-owned Hunter's, which was located in Ottsville, Pennsylvania. On July 2, 2008,
Hunter's entered into an advertising contract with Yellow Book USA ("Yellow Book") to promote
its business to the public and to increase its sales. (*See* Def.'s Tr. Ex. 1.) Raabe signed the contract
on behalf of Hunter's and as a personal guarantor. (*Id.*) Some time later, Hunter's ceased operating
and defaulted on its obligation to Yellow Book. Yellow Book then retained RMI to collect the debt.
In late 2009 and early 2010, RMI sent several letters directed to both Raabe and Hunter's. The
initial letter was sent to the business address for Hunter's, while RMI sent subsequent letters to

Raabe's residence. (*See* Pl.'s Tr. Exs. 1-5.) Raabe alleges that the letters violated the FDCPA because, among other things, they lacked required disclosures and unlawfully threatened legal action.

## II.     CONCLUSIONS OF LAW

The FDCPA was enacted to protect consumers from abusive debt collection practices and prohibits a catalog of activities, including sending misleading communications, failing to disclose that certain communications are from debt collectors, and failing to send written notification that a consumer may dispute or seek validation of a debt. *See* 15 U.S.C. §§ 1692-1692o.

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *FTC v. Check Investors, Inc.*, 502 F.3d 159, 167 (3d Cir. 2007) (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir.1987)). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). RMI correctly argues that Raabe cannot demonstrate that the debt was incurred for personal, family, or household purposes.

Raabe first contends that RMI's attempts to collect the Hunter's debt from her personally "transformed the alleged debt into a 'debt'" under § 1692a(5). (Pl.'s Proposed Findings of Fact and Conclusions of Law ¶ 41.) Raabe relies on *Moore v. Principal Credit Corp.*, Civ. A. No. 96-338 1998 WL 378387 (N.D. Miss. Mar. 31, 1998), in which the court reasoned that the plaintiffs' debt, incurred for their grocery business, became consumer debt once they began receiving threatening telephone calls at their home. However, *Moore* is both distinguishable and unpersuasive. First, the

2

court's holding hinged on the FDCPA's definition of "consumer" under § 1692a(3), and did not construe "debt" under § 1692a(5). *Id.* at *2. Second, *Moore* denied a motion to dismiss, making no dispositive findings, and evaluated the plaintiff's motion under pre-*Iqbal* standards. *Id.* at *1. Lastly, every court to consider *Moore* has rejected it, including my learned colleague in this District, Judge Buckwalter. *See Kimmel v. Cavalry Portfolio Servs.*, LLC, Civ. A. No. 10-680, 2011 WL 2039049, at *4 (E.D. Pa. May 25, 2011); *see also Slenk v. Transworld Sys., Inc.,* 236 F.3d 1072, 1076 (9th Cir. 2001) (declining to follow *Moore* because the Court "refuse[d] to ignore Congress's intent by defining a consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt."); *Holman v. W. Valley Collection Servs., Inc*., 60 F. Supp. 2d 935, 936-37 (D. Minn.1999).

Next, Raabe argues that because the because the FDCPA proscribes certain conduct with respect to "any person" under § 1692k(a), the debt at issue need not be for personal purposes under § 1692a(5). However, this interpretation is misguided, as it ignores § 1692a(5). *See Allen ex rel. Martin v. LaSalle Bank*, *N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) ("Assuming that every word in a statute has meaning, [courts should] avoid interpreting part of a statute so as to render another part superfluous.").

Lastly, Raabe contends that because Hunter's was established to benefit herself and her family, it was a debt "primarily for personal, family, or household purposes." This argument is frivolous. Virtually every entrepreneur starts a business for personal benefit. Adopting Raabe's logic "would be tantamount to an amendment of the clear intent of Congress" because the FDCPA would then apply to commercial debts. *See Holman*, 60 F. Supp. 2d at 937.

As Raabe testified, Hunter's bought advertising from Yellow Book to increase sales and

customers for her store; it was not a "debt" as defined by the FDCPA, and she therefore cannot recover. *See Check Investors*, 502 F.3d at 167.


**III.    CONCLUSION**

Because the debt at issue was incurred for business purposes, Raabe's case fails.  A Judgment and Order consistent with this Memorandum will be docketed separately.